DAVID ANDREWS, Landlord, *v.* CLEMENTINE BROWN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, February 1, 1951.

*Samuel Eisenfeld* for landlord.

*Clementine Brown,* tenant in person.

LORETO, J. The landlord proceeding under sections 52 and 53 of the Rent and Eviction Regulations of the New York Temporary State Housing Rent Commission, seeks the eviction of the tenant asserting that the tenant has violated a substantial obligation of her tenancy in refusing to share the bathroom and kitchen with occupants of the two front rooms of her apartment.

It appears that this is a five-room apartment known as a " railroad flat " with one kitchen and bathroom. The court finds that under the original letting the tenant agreed to share the kitchen and bathroom with one Richards. They were the sole occupants of the apartment and often she prepared the meals for both of them. They lived on a quasi-family basis. There is privacy and discrimination in living under such conditions. The letting contemplated sharing those facilities and rooms with Richards and any additions to his family and not with any other person or group of persons to whom Richards or the successor landlord would choose to rent his two rooms. The intimacy of living in an apartment such as this and in sharing the kitchen and bathroom by two persons or two families makes it evident that there must be some reasonable degree of compatibility in the living and sanitary habits and standards of those parties. If it be held that the tenant should be required to share those rooms and facilities with persons

other than Richards the original landlord and his family, such the court finds to be the condition implied in the original letting.

Under the facts of this case, the court finds that the landlord may not foist any person or family upon the tenant to share the kitchen and bathroom in common with her, substantially differing in living and sanitary habits and standards from the person who so shared those rooms and facilities in common with her at the time she became a tenant. On consent she may choose to share them with anyone. Under the landlord's compulsion, only with the landlord or his family or with such person or family as may be considered not unreasonably differing in living habits, sanitary standards, use and demand upon those rooms and facilities than the original cotenant. This the present landlord has failed to establish.

If the landlord wants a free hand in renting the rooms with kitchen and bathroom facilities, he may have to convert it to two apartments to comply with the building code. If he believes that the tenant in using the kitchen and bathroom alone enjoys the benefit of greater service and facilities than formerly, he may apply for a rental increase.

The petition is accordingly dismissed.